STATE OF MINNESOTA                              DISTRICT COURT

COUNTY OF RAMSEY                       SECOND JUDICIAL DISTRICT

Kylie Shank,

       Plaintiff,

                                                   **SUMMONS**

v.

                                              Court File No. _____

Ally Financial Inc.,

       Defendant.

**THIS SUMMONS IS DIRECTED TO THE ABOVE-NAMED DEFENDANT(S)**

1.   **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

2.   **YOU MUST REPLY WITHIN 21 DAYS TO PROTECT YOUR RIGHTS.**

You must give or mail to the person who signed this summons a written response called an Answer within 21 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at:

    WALKER & WALKER LAW OFFICES, PLLC
    ATTN: Kimberly Zillig
    4356 Nicollet Avenue South
    Minneapolis, MN 55409

EXHIBIT A

3.  **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4.  **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 21 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint. If you do not want to contest the claims stated in the complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

5.  **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.

6.  **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

EXHIBIT A

Date: <u>May 17, 2021</u>     <u>/s/Kimberly Zillig</u>
　　　　　　　　　　　　　　　Kimberly Zillig (#278129)
　　　　　　　　　　　　　　　Andrew C. Walker (#392525)
　　　　　　　　　　　　　　　Walker & Walker Law Offices, PLLC
　　　　　　　　　　　　　　　4356 Nicollet Avenue South
　　　　　　　　　　　　　　　Minneapolis, MN 55409
　　　　　　　　　　　　　　　(612) 824-4357
　　　　　　　　　　　　　　　kimberly@bankruptcytruth.com
　　　　　　　　　　　　　　　andrew@bankruptcytruth.com
　　　　　　　　　　　　　　　***Attorneys for Kylie Shank***

| STATE OF MINNESOTA | DISTRICT COURT |
| --- | --- |
| COUNTY OF RAMSEY | SECOND JUDICIAL DISTRICT |

| | |
| --- | --- |
| Kylie Shank,<br><br>      Plaintiff,<br><br>v.<br><br>Ally Financial Inc.,<br><br>      Defendant. | **COMPLAINT** |

1. Plaintiff Kylie Shank ("Shank") pleads the following claims based on violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227 *et seq.*, by Ally Financial ("Ally").

2. Ally harassed Shank by repeatedly calling her cell phone using a robodialer, an act strictly prohibited by the TCPA.

### VENUE, PARTIES, AND JURY TRIAL

3. Shank is a natural person residing in Ramsey County.

4. Ally is a corporation with a home address of Ally Detroit Center, 500 Woodward Avenue, Detroit, Michigan 48226.

5. Venue is proper because Shank resides in Ramsey County and Ally regularly does business in Ramsey County.

6. Shank demands a jury trial to the extent available under US Const. Amend. 7.

1

14. Ally did not have Shank's consent to use these electronic means to call her cell phone.

15. Shank also explicitly revoked any consent to be called on her cell phone by a letter that was sent to Ally on April 21, 2021. *See letter attached as* **EXHIBIT A**.

16. Despite this explicit revocation, Ally continued to robodial Shank's cell phone.

17. Following her revocation, Ally placed robodialed collection calls to Shank on at least (but not limited to) 12 subsequent occasions.

18. Ally placed calls using an automatic telephone dialing system, according to the definition in 47 U.S.C. § 227(a)(1), to call Shank on at least (but not limited to) 12 times from approximately April 26, 2021, through to approximately May 14, 2021.

19. Ally disregarded Shank's revocation of consent and willfully continued to contact Shank with impunity using a prohibited automatic telephone dialing system (or "robodialer"), according to the definition in 47 U.S.C. § 227(a)(1).

20. At all times relevant to this complaint, Shank was and is a "person" as defined by the TCPA, 47 U.S.C. § 153(39), and a subscriber to cellular telephone services within the United States.

21. At all times relevant to this complaint, Ally has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA, 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

22. At all times relevant to this complaint, Ally has used, controlled, and/or operated "equipment that has the capacity – (A) to store or produce telephone numbers to

3

be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

23. At all times relevant to this complaint, Ally has used, controlled, and/or operated equipment that has the capacity to use a random number generator to determine the order in which to pick phone numbers from a preproduced list and then store those numbers to be dialed at a later time.

### COUNT I: TELEPHONE CONSUMER PROTECTION ACT

24. Shank incorporates all other allegations as if set forth herein in full.

25. The TCPA bans using robodialers and artificial or pre-recorded voices to call cell phones absent the consumer's explicit consent:

> It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call . . . ." 47 U.S.C. § 227(b)(1).

26. Ally violated 47 U.S.C. § 227(b)(1) by knowingly calling Shank at least (but not limited to) 12 times on her cell phone using an automatic dialing system and/or an artificial, or pre-recorded voice without Shank's consent.

27. Ally also ignored Shank's explicit revocation of consent.

28. Ally thus willfully and knowingly violated § 227(b)(1).

29. Shank was stressed and harassed by the frequency of Ally's calls to her cell phone, and by her inability to stop these calls, as is her right by statute.

30. The TCPA provides the following remedy for its violation:

> "A person or entity may, if otherwise permitted by the law or rules of court of a State, bring in an appropriate court of that State (A) an action based on

4

a violation of this subsection . . . to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or (C) both such actions. If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph." 47 U.S.C. § 227(b)(3).

31. Shank is entitled to actual damages in an amount to be determined at trial or statutory damages of $1,500 per each of Ally's telephone calls violating the TCPA, whichever is greater, under 47 U.S.C. § 227(b)(3).

## RELIEF REQUESTED

Shank requests an Order for the following relief:

1. Judgment in favor of Kylie Shank and against Ally Financial inc. for actual damages, or for statutory damages of $1,500 per each telephone call violating the TCPA, whichever is greater. 47 U.S.C. § 227(b)(3).

2. Interest accruing from commencement of this action at 4% for awards up to $50,000.00, or at 10% for awards over $50,000.00, under Minn. Stat. § 549.09.

3. All other relief the Court deems just and equitable.

Date: May 17, 2021         /s/ Kimberly Zillig
                           Andrew C. Walker #392525
                           Kimberly Zillig #278129
                           Walker & Walker Law Offices, PLLC
                           4356 Nicollet Avenue South
                           Minneapolis, MN 55409
                           (612) 824-4357
                           **Attorneys for Kylie Shank**

## Acknowledgment

Plaintiff, by counsel, acknowledges that Minn. Stat. § 549.211 sanctions can be imposed.

Date: <u>May 17, 2021</u>   <u>*/s/ Kimberly Zillig*</u>
                            Kimberly Zillig #278129

EXHIBIT A

from: Kylie Shank

7895 27th St N

Oakdale, MN 55128


To: Ally Financial

PO Box 380901

Bloomington, MN 55438


To Whom It Concerns,


My name is Kylie Shank. My phone number is 5073816281. Please don't call or text me anymore. These calls are very stressful, and I am in a time of financial distress.

If you need to look me up further, the last 4 digits of my social are: 6722, and my birthday is: 06/03/1992.

Please do not call or text any of my references either.

| **Signature** | *[signed] Kylie Sh* | **Date** | Wednesday, April 21, 2021 |
|---|---|---|---|

EXHIBIT A